**Natalia VOLKOVA, Petitioner,**

v.

**Peter D. KEISLER,\* Attorney General, Respondent.**

No. 05–74570.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.\*\*

Filed Oct. 24, 2007.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suit-

See also 57 Fed.Appx. 765.

---

Elena E. Tsiprin, Esq., Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Helen J. Brunner, Esq., Immigration and Naturalization Service, Office of the District Counsel, David V. Bernal, Attorney, USSE—Office of the U.S. Attorney, Seattle, WA, Jamie M. Dowd, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, BEAM ***, and RYMER, Circuit Judges.

### MEMORANDUM ****

Natalia Volkova, a native of the Ukraine, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of her application for asylum and withholding of deportation. Volkova, a Pentecostal Christian, first applied for asylum in June 1993, on the basis of religious persecution. Although the IJ in that proceeding found that Volkova had shown a history of past religious persecution in the Ukraine before the dissolution of the Union of Soviet Socialist Republics, he also found that there had been a substantial change in circumstances since that time and that Volkova no longer had a well-founded fear of future persecution. On this basis, the IJ denied her application, and we affirmed that denial in 2003.

Volkova filed a motion to reopen her application, arguing that conditions in the Ukraine have deteriorated for members of

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

her religious group since the first hearing on her application. The BIA reopened Volkova's deportation proceedings and remanded to the IJ to consider whether country conditions had worsened for Pentecostal Christians in the Ukraine since the earlier hearing. The IJ found there had been no material deterioration in the treatment of Pentecostal Christians in the Ukraine and denied Volkova's application for asylum and withholding of deportation once again. On appeal, Volkova contends that the IJ erred in finding there has not been a material change in country conditions since the earlier hearing.

We have jurisdiction under 8 U.S.C. § 1252, and review the BIA's ruling denying asylum and withholding of deportation under a substantial evidence standard. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). We will reverse the agency's decision " 'only if the evidence presented . . . was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed.' " *Id.* (alteration in original) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Where the BIA affirms the IJ without opinion, this court reviews the IJ's decision as it would the BIA's decision. *Id.* at 961. We deny the petition.

■ The IJ was not compelled to find that country conditions had worsened for Pentecostal Christians in the Ukraine since Volkova was denied asylum and withholding of deportation. The evidence adduced at the hearing showed no material deterioration in the treatment of Pentecostal Christians in the Ukraine since Volkova's earlier hearing. To the contrary, Volkova's own witnesses' testimony established that members of her church in the Ukraine are able to attend services several times a week and regularly perform missionary work, and that the membership of her church has increased in recent years. The IJ's analysis of the evidence was adequately individualized to Volkova's situation. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004).

Volkova's assertion that the IJ ignored the testimony of her witnesses and the affidavit that she presented is without merit.[1] The IJ's order contains a detailed discussion of the evidence and indicates that the IJ considered the materials Volkova submitted. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (holding that, in the absence of contrary evidence, the agency is presumed to have considered all of the evidence).

■ Because Volkova failed to demonstrate eligibility for asylum, the IJ also did not err in concluding that she failed to make the more stringent showing required to qualify for withholding of deportation. *Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

1. Although the parties also discuss in passing how the IJ allocated the burden of proof, we do not consider it here because the issue was not exhausted below. *See Vargas v. U.S. Dep't of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).